```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CATHERINE MARTINO,<br><br>    Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | 1:19-cv-10999-NLH<br><br>**MEMORANDUM OPINION & ORDER** |

**APPEARANCES:**

CATHERINE MARTINO
26 POSSUM HOLLOW
SOUTHAMPTON, NJ 08088

    *Plaintiff appearing pro se*

**<u>HILLMAN</u>, District Judge**

    WHEREAS, pending before the Court is the motion of Plaintiff, Catherine Martino, appearing *pro se*, for default judgment against Defendant Commissioner of Social Security[1]; and

    WHEREAS, Plaintiff contends that she is entitled to default judgment in her favor on her social security appeal because

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). <u>See also</u> 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

Defendant was properly served on May 23, 2019, but he has not appeared in the action; and

WHEREAS, the Court finds Plaintiff's motion to be deficient because under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process: First, when a defendant has failed to plead or otherwise respond, a plaintiff must request the entry of default by the Clerk of the Court. Fed. R. Civ. P. 55(a). Second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court.[2] Fed. R. Civ. P. 55(b); Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, 175 F. App'x 519, 521, n.1 (3d Cir. 2006); and

---

[2] The Court notes that if Plaintiff obtains a Clerk's entry of default against Defendant, and then refiles a motion for default judgment, Plaintiff must do more than demonstrate that Defendant has failed to appear in the action. See Local Civil Rules 7.1(d) and 7.2; Fed. R. Civ. P. 55(d) (providing that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."); Franklin v. National Maritime Union of America, (MEBA/NMU), Civ. No. 91-480, 1991 WL 131182, *1 (D.N.J. July 16, 1991) (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2685 (1983)) (explaining that when considering an application for entry of a default judgment under Rule 55(b)(2), the Court is "required to exercise 'sound judicial discretion' in deciding whether the judgment should be entered [and] '[t]his element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)'").

WHEREAS, Plaintiff has by-passed the first step of the process;

THEREFORE,

IT IS on this    23rd    day of   September  , 2019

ORDERED that Plaintiff's Motion for Default Judgment [5] be, and the same hereby is, DENIED WITHOUT PREJUDICE.

At Camden, New Jersey

                                                s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.