UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CATHERINE MARTINO,

    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

1:19-cv-10999-NLH

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

CATHERINE MARTINO
26 POSSUM HOLLOW
SOUTHAMPTON, NJ 08088

    Plaintiff appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, pending before the Court is the motion of Plaintiff, Catherine Martino, appearing *pro se*, for summary judgment against Defendant Commissioner of Social Security; and

    WHEREAS, Plaintiff contends that she is entitled to summary judgment in her favor on her social security appeal; and

    WHEREAS, in support of her motion, Plaintiff refers the Court to Docket No. 8, which is Plaintiff's "AFFIDAVIT and request for clerk's entry of default";[1] and

---

[1] Previously, Plaintiff filed a motion for default judgment, but the Court denied that motion because Plaintiff had not first

WHEREAS, the Clerk entered default against Defendant on October 10, 2019; and

WHEREAS, after the Clerk entered default, Plaintiff filed the instant motion for summary judgment; but

WHEREAS, the Court finds Plaintiff's motion to be procedurally and substantively improper; and

WHEREAS, Plaintiff's motion for summary judgment should be more appropriately classified as a motion for default judgment because that is the next step under Federal Civil Procedure Rule 55 in obtaining a judgment after a Clerk's entry of default has been entered, see Fed. R. Civ. P. 55(b) (explaining that after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court); and

WHEREAS, Plaintiff's motion, even if it is construed as a motion for default judgment, substantively fails to demonstrate that she is entitled to judgment in her favor;[2] and

---

obtained a clerk's entry of default.  See Docket No. 7; Fed. R. Civ. P. 55(b).

[2] See Local Civil Rules 7.1(d) and 7.2; Fed. R. Civ. P. 55(d) (providing that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."); Franklin v. National Maritime Union of America, (MEBA/NMU), Civ. No. 91-480, 1991 WL 131182, *1 (D.N.J. July 16, 1991) (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2685 (1983)) (explaining that

WHEREAS, under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits, Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995), and a reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence," 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); and

WHEREAS, substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)), and the inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable, Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); and

WHEREAS, Plaintiff argues that although the Commissioner found that her ADHD was a severe medical condition, the

---

when considering an application for entry of a default judgment under Rule 55(b)(2), the Court is "required to exercise 'sound judicial discretion' in deciding whether the judgment should be entered [and] '[t]his element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)'").

Commissioner determined that Plaintiff is not limited by her condition (Docket No. 8 at 5); and

WHEREAS, Plaintiff argues that she is severely limited and totally disabled by her impairment (Id.); but

WHEREAS, even though Plaintiff provides the ALJ's decision (Docket No. 1-2 at 29-42) and over 100 pages of medical and other evidence in support of her motion, Plaintiff fails to specify which findings in the ALJ's decision were in error; and

WHEREAS, Plaintiff's motion presents an overall disagreement with the ALJ's decision, which is not sufficient to meet her burden of showing that the decision is not supported by substantial evidence, see Perkins v. Barnhart, 79 F. App'x 512, 514-15 (3d Cir. 2003) ("Perkins's argument here amounts to no more than a disagreement with the ALJ's decision, which is soundly supported by substantial evidence."); Moody v. Commissioner of Social Security Administration, 2016 WL 7424117, at *8 (D.N.J. 2016) ("[M]ere disagreement with the weight the ALJ placed on the opinion is not enough for remand."); and

WHEREAS, this Court cannot independently assess the record evidence to determine whether Plaintiff meets all the requirements for social security disability benefits, see Williams, 970 F.2d at 1182 (explaining that in terms of judicial review, a district court is not "empowered to weigh the evidence

4

or substitute its conclusions for those of the fact-finder"); and

WHEREAS, the Court also notes that default judgments are disfavored and any doubts concerning whether a default should be vacated "should be resolved in favor of setting aside the default and reaching a decision on the merits," Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983) (citing Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982)); and

WHEREAS, the Court further notes that when Plaintiff filed her complaint, she also filed an application to proceed without prepayment of fees ("*in forma pauperis*" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, on April 29, 2019, Plaintiff's IFP application was granted, and the court directed the Clerk to file Plaintiff's complaint without prepayment of fees (Docket No. 2);[3] but

WHEREAS, the Court recognizes that the Order granting Plaintiff's IFP application did not direct the "the clerk issue a summons and the U.S. Marshal serve a copy of the complaint, summons and this order upon the defendant(s) as directed by the

---

[3] This action was reassigned to this Court on September 23, 2019.

plaintiff(s). All costs of service shall be advanced by the United States," see AO 240A (Rev. 01/09; NJ 06/17; NJ 12/20), which is required when a court grants a *pro se* plaintiff's IFP application, see Boniella v. Commissioner Social Security, 317 F. App'x 268 (3d Cir. 2009) (explaining that as a *pro se* litigant proceeding *in forma pauperis*, the plaintiff was not responsible for the service of process, and the district court abused its discretion in dismissing the plaintiff's complaint for lack of service on the defendant because the court was obligated to appoint a United States marshal to effect service) (citing 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process[.]"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.  The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."); and

WHEREAS, even though Plaintiff attempted to serve Defendant via certified mail (Docket No. 4),[4] and the Clerk deemed that

---

[4] Plaintiff has provided the certified mail receipts for her payment of postage for her packages to the U.S. Attorney Office in Camden, New Jersey, the U.S. Attorney General in Washington, D.C., and the "Commissioner of Social Security Administration" in Philadelphia, PA.  (Docket No. 8 at 115.)  Plaintiff, however, has not provided proof that those packages were successfully delivered to those parties.  The current tracking

service sufficient because it granted Plaintiff's request for a Clerk's entry of default, see Fed. R. Civ. P. 4(i), this Court finds that proper service must be made by the U.S. Marshal as required by statute and the federal rules;

THEREFORE,

IT IS on this   5th   day of   April  , 2021

ORDERED that Plaintiff's Motion for Summary Judgment [10] be, and the same hereby is, DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk's entry of default be, and the same hereby is, VACATED; and it is finally

ORDERED that the Clerk shall re-issue summons, and the U.S. Marshal serve a copy of the complaint, summons and this order upon Defendant as directed by Plaintiff.  All costs of service shall be advanced by the United States.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |

---

information from the U.S. Postal Service shows "status not available" for each of the three certified mail receipts.